UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,          :
JOHN WILEY & SONS, INC.,
THOMSON LEARNING INC., AND        :
THE MCGRAW-HILL COMPANIES, INC.,
                                  :
                 Plaintiffs,
                                  :
           -against-
                                  :
MUSHFIQ SALEHEEN D/B/A BOOKS777
D/B/A BOOKDEALS777 D/B/A           :
BOOKS11111 D/B/A SHUVO123456
D/B/A BOOKS22222 and JOHN DOE      :
NOS. 1-5,
                                  :
                 Defendants.
                                  :
- - - - - - - - - - - - - - - - x

**JUDGE KOELTL**

**07 CIV 4547**

07 Civ.



COMPLAINT

        Plaintiffs Pearson Education, Inc. ("Pearson"), John

Wiley & Sons, Inc. ("Wiley"), Thomson Learning Inc. ("Thomson"),

and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their

undersigned attorneys, for their complaint against defendants

Mushfiq Saleheen d/b/a books777 d/b/a bookdeals777 d/b/a

books11111 d/b/a shuvo123456 d/b/a books22222 ("Saleheen") and

John Doe Nos. 1-5, aver:

<u>Nature of the Action</u>

        1.    Plaintiffs are bringing this action to enforce

their copyrights and trademarks against defendants' unlawful

sale of plaintiffs' instructor's solutions manuals.

<u>Jurisdiction and Venue</u>

2.    This Court has subject matter jurisdiction over the first three claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 <u>et</u> <u>seq</u>., or the Lanham Act, 15 U.S.C. § 1051 <u>et</u> <u>seq</u>.  This Court has subject matter jurisdiction over the fourth claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.    Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

<u>Parties</u>

4.    Pearson is a Delaware corporation with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5.    Wiley is a New York corporation with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

6.    Thomson is a Delaware corporation with its principal place of business at 200 First Stamford Place, Stamford, Connecticut 06902.

7.    McGraw-Hill is a New York corporation with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

8.    Upon information and belief, defendant Saleheen is a citizen of the State of Georgia, residing at 324794 Georgia Tech Station, Atlanta, Georgia 30332.

9.    Upon information and belief, defendants John Doe Nos. 1-5 are associates of Saleheen.

### The Businesses of Plaintiffs

10.    Each plaintiff publishes a variety of works, including educational books.

11.    As a standard practice, each plaintiff requires its authors to assign the copyright to them or grant them the exclusive rights of reproduction and distribution in the United States.  This practice enables each plaintiff to maximize dissemination of each work.

12.    Plaintiffs invest significant monies to publish their copyrighted works.  Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

13.    Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were

3

not enforced.  A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals.  This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

14.  An important part of plaintiffs' business is derived from publishing college textbooks.  College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

15.  Instructor's solutions manuals are important supplementary materials.  Professors use instructor's solutions manuals aid to in grading homework.  Students, however, use instructor's solutions manuals to cheat.  Professors are less likely to select a textbook if the instructor's solutions manuals are freely and/or widely available.  Accordingly, plaintiffs do not sell their instructor's solutions manuals, and tightly control their distribution to known faculty.

<u>Plaintiffs' Copyrights and Trademarks</u>

16.  Plaintiffs routinely register their copyrights. Pearson has registered the works identified on Schedule A (the "Pearson Copyrights").  Wiley has registered the works identified on Schedule B (the "Wiley Copyrights").  Thomson has registered the works identified on Schedule C (the "Thomson Copyrights").  McGraw-Hill has registered the works identified on Schedule D (the "McGraw-Hill Copyrights").

4

17.   Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

18.   Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson's rights therein, the well-known trademarks "Pearson," "Pearson Education" and "Prentice Hall."  Pearson's affiliate corporation Addison Wesley Longman, Inc., is the owner of, and Pearson is the exclusive licensee of, with the accompanying right and duty to protect and enforce its and its affiliate company's rights therein, the well known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks").  The United States Registrations for the Pearson Trademarks are identified on Exhibit E.

19.   Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks").  The United States Registrations for the Wiley Trademarks are identified on Exhibit F.

20.   Among Thomson's well-known trademarks are "Thomson Learning" (the "Thomson Trademarks").  The United States Registrations for the Thomson Trademarks are identified on Exhibit G.

21. Among McGraw-Hill's well-known trademarks are "McGraw Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks"). The United States Registrations for the McGraw-Hill Trademarks are identified on Exhibit H.

<u>The Infringing Acts of Defendants</u>

22. Defendants have without permission reproduced and sold electronic copies of plaintiffs' instructor's solutions manuals, through online sales at www.craigslist.org, www.half.com, www.sparknotes.com and www.valorebooks.com, using the usernames books777, bookdeals777, books11111, shuvo123456 and books22222. Defendants have sold infringing copies to residents in this District.

<u>FIRST CLAIM FOR RELIEF</u>
(Copyright Infringement - 17 U.S.C. § 501)

23. Plaintiffs repeat the averments contained in paragraphs 1 through 22 as if set forth in full.

24. Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

25. Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

26. Thomson has received United States Certificates of Copyright Registration for the Thomson Copyrights.

27. McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

28. The Pearson, Wiley, Thomson and McGraw-Hill Copyrights are valid and enforceable.

29. Defendants have infringed the Pearson, Wiley, Thomson and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

30. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Wiley, Thomson and McGraw-Hill Copyrights.

31. Defendants have willfully infringed the Pearson, Wiley, Thomson and McGraw-Hill Copyrights.

32. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement – 15 U.S.C. § 1114(a))

33.  Plaintiffs repeat the averments contained in paragraphs 1 through 32 above as if set forth in full.

34.  Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and enforce Pearson's rights therein.  Pearson's licensor parent and affiliate companies have obtained United States Trademark Registrations for the Pearson Trademarks.

35.  Wiley owns the Wiley Trademarks, for which it has obtained United States Trademark Registrations.

36.  Thomson owns or is the exclusive licensee of the Thomson Trademarks, with the accompanying right and duty to protect and enforce all rights therein.  Thomson or its licensors own the Thomson Trademarks, for which Thomson or its licensors have obtained United States Trademark Registrations.

37.  McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

38.  The Pearson, Wiley, Thomson and McGraw-Hill Trademarks are valid and enforceable.

39.  Defendants have infringed the Pearson, Wiley, Thomson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by using them on and/or in connection with the works that they have sold.

40.    Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so.  The damage to plaintiffs includes harm to their good will and reputation in the marketplace for which money cannot compensate. Plaintiffs are particularly concerned that their trademarks are used in connection with unauthorized electronic products, which could contain malicious viruses.  Plaintiffs have no adequate remedy at law for these wrongs.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley, Thomson and McGraw-Hill Trademarks or any colorable imitation of them.

41.    Defendants have willfully infringed the Pearson, Wiley, Thomson and McGraw-Hill Trademarks.

42.    Plaintiffs are entitled to recover (1) defendants' profits from the infringing books, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting - 15 U.S.C. § 1117)

43.    Plaintiffs repeat the averments contained in paragraphs 1 through 42 above as if set forth in full.

44.  In connection with the sale of their unlawfully reproduced instructor's solutions manuals, defendants have used counterfeits of the Pearson, Wiley, Thomson and McGraw-Hill Trademarks.

45.  Based upon defendants' use of the counterfeit marks in connection with the sale of the unlawfully reproduced instructor's solutions manuals, plaintiffs are entitled to treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c).

FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition Under State Law)

46.  Plaintiffs repeat the averments contained in paragraphs 1 through 45 above as if set forth in full.

47.  Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably.  The damage to plaintiffs includes harm to their goodwill and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley, Thomson and McGraw-Hill Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to

punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Thomson and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.    Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the Pearson, Wiley, Thomson and McGraw-Hill Copyrights;

C.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Thomson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

D.    Awarding plaintiffs their damages and/or defendants' profits from their willful infringement and/or counterfeiting of the Pearson, Wiley, Thomson and McGraw-Hill Trademarks pursuant to 15 U.S.C. § 1117(a);

E.    Awarding plaintiffs treble damages, treble profits and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c);

F.    Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

G.    Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

H.    Granting such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       May 29, 2007

                              DUNNEGAN LLC


                              By _William Dunnegan_
                                 William Dunnegan (WD9316)
                                 Megan L. Martin (MM4396)
                              Attorneys for Plaintiffs
                                 Pearson Education, Inc.,
                                 John Wiley & Sons, Inc.,
                                 Thomson Learning Inc., and
                                 The McGraw Hill Companies, Inc.
                              350 Fifth Avenue
                              New York, New York 10118
                              (212) 332-8300


                                  12

Schedule A
"Pearson Copyrights"

<u>Title</u>      (<u>Date of Registration</u>)    (<u>Registration #</u>)

1.  A First Course in Probability, 7th edition (January 17, 2006) (TX-6-304-470)
2.  Adaptive Filter Theory, 4th edition, (October 3, 2001) (TX-5-446-396)
3.  Applied Numerical Analysis, 6th edition, (January 26, 1999)(TX-4-930-805)
4.  Communication Systems Engineering, 2nd edition, (September 26, 2001) (TX5-441-572)
5.  Computer Networks, 4th edition, (September 5, 2002) (TX-5-619-281)
6.  Computer System Architecture, 3rd edition, (April 30, 1982) (TX-916-935)
7.  Digital Image Processing, 2nd edition, (November 27, 2001) (TX5-460-560)
8.  Digital Signal Processing: Principles, Algorithms and Applications, 4th edition, (May 23, 2006) (TX-6-347-802)
9.  Discrete-Time Signal Processing, 2nd edition, (April 25, 2005) (TX6-116-972)
10. Econometric Analysis, 5th edition, (September 27, 2002) (TX-5-618-734)
11. Electric Circuits, 7th edition, (November 30, 2006) (TX-6-480-516)
12. Engineering Mechanics Dynamics, 10th edition, (October 15, 2003) (TX5-822-859)
13. Engineering Mechanics Statics, 10th edition, (September 11, 2003) (TX5-819-119)
14. Engineering Mechanics Statics and Dynamics, 11th edition (October 6, 2006) (TX-6-440-912)
15. Feedback Control of Dynamic Systems, 4th edition, (January 15, 2002) (TX5-475-773)
16. Field and Wave Electromagnetics, 2nd edition, (February 10, 1989) (TX-2-510-851)
17. Fundamentals of Applied Electromagnetics, 1st edition, (December 22, 2003) (TX5-854-471)
18. Introduction to Electrodynamics, 3rd edition, (March 25, 1999) (TX-4-950-391)
19. Introduction to Quantum Mechanics, 2nd edition, (May 4, 2004) (TX5-959-250)
20. Linear Algebra and Its Applications, 3rd edition, (July 22, 2004) (TX-6-005-808)
21. Mechanics of Materials, 6th edition (Jan. 17, 2006) (TX6-288-609)

22. Modern Operating Systems, 2nd edition, (April 26, 2001) (TX-5-358-150)
23. Operating Systems Design and Implementation, 3rd edition, (April 4, 2006) (TX-6-351-120)
24. Partial Differential Equations and Boundary Value Problems with Fourier Series, 2nd edition, (June 23, 2004) (TX5-990-973)
25. Physics for Scientists and Engineers with Modern Physics: A Strategic Approach, 1st edition, (March 3, 2004) (TX5-920-354)
26. Physics: Principles with Applications, Volume 1, 6th edition (April 16, 2004) (TX-5-961-576)
27. Physics: Principles with Applications, Volume 2, 6th edition (January 17, 2006) (TX-6-303-834)
28. RF Circuit Design: Theory and Applications, 1ST edition, (March 14, 2000) (TX-5-148-992)
29. Semiconductor Device Fundamentals, 1st edition, (February 28, 1996) (TX-4-201-811)
30. Signals and Systems, 2nd edition, (January 10, 1997) (TX-4-445-749)
31. University Physics with Modern Physics, 11th edition,(September 10, 2003) (TX5-796-468)
32. Wireless Communications: Principles and Practice, 2nd edition, (January 15, 2002) (TX-5-475-667)

Schedule B
"Wiley Copyrights"

<u>Title</u> <u>(Date of Registration)</u> <u>(Registration #)</u>

1.  Engineering Mechanics, Dynamics, February 28, 2002, TX-5-539-471.
2.  Microwave and RF Design of Wireless Systems, January 10, 2001, TX-5-329-551.
3.  Introduction to Solid State Physics, January 18, 2005, TX-6-091-857.
4.  Digital Signal Processing, March 30, 1993, TX-3-517-250.
5.  Principles of Communication: Systems, Modulation and Noise, October 25, 2001, TX-5-444-005.

Schedule C
"Thomson Copyrights"

<u>Title</u>       (<u>Date of Registration</u>)     (<u>Registration #</u>)

1.   Calculus: Early Transendentals, January 15, 2003, TX-5-641-915.
2.   Physics for Scientists and Engineers, August 12, 2003, TX-5-818-254.
3.   Classical Dynamics of Particles and Systems, July 30, 2003, TX-5-827-168.
4.   Single Variable Calculus, January 7, 2003, TX-5-680-129.

Schedule D
"McGraw-Hill Copyrights"

<u>Title</u>        <u>Date of Registration</u>        <u>Registration #</u>

1.  Digital Communications, September 5, 2000, TX-5-266-506.
2.  Electric Machinery Fundamentals, April 27, 2004, TX-5-954-747.
3.  Vector Mechanics for Engineers, Statics, September 28, 2004, TX-6-037-764.572.
4.  Semiconductor Physics and Devices, November 13, 2002, TX-5-608-842.
5.  Design of Analog CMOS Integrated Circuits, January 25, 2001, TX-5-339-805.

Schedule E
"Pearson Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. "Pearson" | 2,600,081 | 041 |
| 3. "Pearson" | 2,652,792 | 009, 016 |
| 4. "Pearson" | 2,679,355 | 016 |
| 5. "Pearson" | 2,691,830 | 041 |
| 6. "Pearson" | 2,694,359 | 009 |
| 7. "Prentice-Hall" | 1,332,044 | 016 |
| 8. "Prentice-Hall" | 1,332,639 | 042 |
| 9. "Prentice-Hall" | 1,375,654 | 009 |
| 10. "Addison Wesley" | 2,188,798 | 016 |
| 11. "Addison-Wesley" | 2,400,130 | 016 |

Schedule F
"Wiley Trademarks"

|    | U.S. Trademark | Registration Number | Class |
|----|----------------|---------------------|-------|
| 1. | "JW" Colophon  | 2,168,941           | 009, 042 |
| 2. | "Wiley"        | 1,003,988           | 009, 016, 036, 038 |
| 3. | "Wiley"        | 2,159,987           | 009, 042 |

Schedule G
"Thomson Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Thomson Learning" | 2,810,953 | 009, 016, 041 |
| 2. "Thomson Learning" | 2,926,467 | 035 |

Schedule H
"McGraw-Hill Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" Bug | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37,38,39,40,41,42 |
| 4. "Irwin" | 1,718,118 | 16 |