```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,            :
JOHN WILEY & SONS, INC.,
THOMSON LEARNING INC., AND          :
THE MCGRAW-HILL COMPANIES, INC.,
                                    :
              Plaintiffs,
                                    :
        -against-                           07 Civ. 4547(JGK)
                                    :
MUSHFIQ SALEHEEN D/B/A BOOKS777
D/B/A BOOKDEALS777 D/B/A            :
BOOKS11111 D/B/A SHUVO123456
D/B/A BOOKS22222 and JOHN DOE       :
NOS. 1-5,
                                    :
              Defendants.
                                    :
- - - - - - - - - - - - - - - - - x
```

    DECLARATION OF WILLIAM DUNNEGAN IN SUPPORT
     OF PLAINTIFFS' APPLICATION FOR AN ORDER
    ALLOWING SERVICE ON DEFENDANT BY E-MAIL AND
    ALLOWING SERVICE A SUBPOENA ON GEORGIA TECH

  WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct.

  1. I am a member of the bar of this Court and the firm of Dunnegan LLC, attorneys for plaintiffs in this action, which was filed on May 30, 2007.

  2. I am making this declaration in support of plaintiffs' application for an order authorizing plaintiffs (i) pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and New York CPLR § 308(5), to serve defendant Mushfiq Saleheen ("Saleheen") with the summons and

complaint in this action by e-mail and (ii) pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, to serve a subpoena on the Georgia Institute of Technology ("Georgia Tech") to identify and locate defendants Saleheen and John Does Nos. 1-5.

3. Under Rule 4(e)(1), the Court has authority to permit service on an individual defendant located in the United States by any means available under the laws of the State in which the Court sits. Under CPLR § 308(5), a plaintiff may accomplish service in any manner that the Court directs, if service is not practical under CPLR § 308 (1), (2) or (4). See D.R.I. Inc. v. Dennis, 2000 U.S. Dist. LEXIS 22541 (S.D.N.Y. 2004)(Leisure, J.); See generally Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007 (9th Cir. 2002)(Affirming lower court's decision permitting service on foreign defendant via e-mail).

4. In this case, neither service nor substitute service under CPLR § 308 (1), (2), or (4) is feasible.

5. The complaint alleges that defendants have sold electronic copies of plaintiffs' copyrighted instructors solutions manuals through online sales www.craigslist.org, www.half.com, www.sparknotes.com and www.valorebooks.com.

6. By purchasing instructors solutions manuals from defendants, plaintiffs were able to obtain defendants' e-mail addresses and the name of Saleheen. By searching the internet, plaintiffs were also able to obtain Saleheen's mailing address of 324794 Georgia Tech Station, Atlanta, Georgia 30332.

7. On June 1, 2007, plaintiffs' process server attempted to serve Saleheen at that address, but could not locate him. The affidavit of the process server, Eric West, dated June 5, 2007, is annexed as Exhibit A.

8. According to his affidavit, the process server even inquired with the Dean's Office regarding the location of Saleheen, but that office would not disclose any information.

9. We have been, by searching the Internet, unable to locate an additional alternate address for the defendant.

10. Due to the electronic nature of Saleheen's business, we seek an order authorizing us to serve him using the e-mail addresses used in processing his sales, books777@gmail.com, books111@gmail.com and bookdeal777@gmail.com.

11. Under these circumstances, service to this e-mail address is reasonably calculated to give notice to

Saleheen, and much more likely to give him actual notice of the action than service by publication.

12. Other judges of this Court have granted similar applications to serve a defendant by e-mail. A copy of the order of Judge Sprizzo in the action entitled <u>John Wiley & Sons, Inc. v. Abdel Ghani d/b/a "bubblesolutions,"</u> Index No. 05 Civ. 2319, is attached as Exhibit B. A copy of the order of Judge Owen in the action entitled <u>John Wiley & Sons, Inc. v. Athmane en Nasseri d/b/a "science help,"</u> Index No. 05 Civ. 2575, is attached as Exhibit C.

13. As the university attended by Saleheen, Georgia Tech probably knows the true identity and location of Saleheen and/or the true identity of the individual or individuals using the Georgia Tech mailing address.

14. Under Rule 26(d), however, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Without the identities and locations of the defendants, this conference is not possible.

I declare under penalty of perjury that the

4

foregoing is true and correct.

       Executed this 2nd day of August 2007 in New York, New York.

                                  */s/ William Dunnegan*
                                    William Dunnegan